### TONEY et v ALFORD

Ohio Appeals, 2nd Dist, Preble Co

Decided July 5, 1933

Ralph G. Sever, Eaton, and Hugh R. Gilmore, Eaton, for plaintiffs.

V. V. Brumbaugh, Eaton, and James N. Howsare, Eaton, for defendants.

## OPINION

By KUNKLE, J.

The plaintiffs, John E. Toney, John R. Campbell, Harry J. Campbell, Benjamin L. Sheets, Pearl Sheets, Almetta L. Rinehart, James F. Foley, L. S. Foley, Sabina Foley and Rena Lybrook seek to enjoin the collection of certain road improvement assessments which have been levied against their respective properties. In brief the plaintiffs in their amended petition claim that proceedings were had by the commissioners of Preble County to improve a portion of Intercounty Highway, No. 181; that a resolution determining to proceed with the improvement by paving was passed by the commissioners; that proceedings were attempted to be had in compliance wih §§1178 to 1231-11 GC as then in force and effect; that such proceedings were had; that an attempt was made to assess all property situated within one and one-half miles of either side of such improvements; that the lands of Almetta O. Rinehart, James F. Foley, L. S. Foley and Sabina Foley are within one and one-half miles of said improvement and are located "on either side of said improvement" but that the lands of John E. Toney, John R. Campbell, Harry J. Campbell, Benjamin L. Sheets, Pearl Sheets and Rena Lybrook do not lie "on either side of said improvement"; although said lands are within one and one-half miles of

said improvement; that such proceedings were had that said commissioners assessed a part of the cost of said improvements upon the lands of plaintiffs.

The plaintiffs claim that the proceedings had relative to the improvement of said road by the Board of Commissioners of Preble County were not in conformity to any law of the State of Ohio in that said Commissioners did not give notice of any estimate of apportionment of the amount to be paid by the owners of all the property sought to be specially assessed as required by §1214 GC; that said proceedings were further defective and unlawful in that the attempted assessments were not made according to the benefits accruing to the land located within one and one-half mile on either side of said improvement; that said proceedings were further defective in that the real estate of plaintiffs, John E. Toney, John R. Campbell, Harry J. Campbell, Benjamin L. Sheets, Pearl Sheets and Rena Lybrook were assessed though their respective lands are not located within one and one-half mile "on either side of such improvement"; that said assessments were sought to be made by said Board of Commissioners on the theory that the real estate of plaintiffs was specifically benefitted by said improvement which plaintiffs deny and aver that no part of the real estate sought to be assessed is specifically benefitted by said improvement; that said assessments have been placed on the tax duplicate of Preble County, Ohio against their respective properties; that they never have had the opportunity provided by law for a hearing, have no adequate remedy at law for the protection of their rights and therefore seek an injunction against said assessments.

An issue was joined by the answer of the defendants and the case was submitted to the lower court with the result that the lower court found in favor of the plaintiffs and granted an injunction as prayed for.

From such judgment of the lower court an appeal has been taken to this court. The evidence has been transcribed and we have carefully considered the same. We have also considered the brief of counsel for plaintiffs. There has also been filed with us the written opinion of Judge Reisinger of the trial court.

Judge Reisinger has reviewed the pertinent sections of the Code; the controlling evidence and the authorities which control this case in great detail. Our consideration of the sections of the Code and of the controlling authorities lead us to the same

conclusion as that which was reached by Judge Reisinger and as he has reviewed the case in such detail, we do not deem it necessary to again review the authorities.

It is admitted that there was no notice given as required by law of the proceedings for the making of the improvement in question. We think this is jurisdictional.

The fact that the plaintiffs may have paid some assessments does not preclude them from asserting their legal rights at the present time. They claim such payments were made under protest. The records of the county authorities do not show such protest. However, that may be it would not affect their right to enjoin unpaid assessments.

During the hearing of this case counsel for plaintiffs presented an oral motion for dismissal of the appeal on the ground that the appeal had never been perfected; that it had never been authorized by defendants and that no appeal bond has been given.

Technically, this motion may be well taken, but we prefer to dispose of the case upon its merits and the motion to dismiss may therefore be overruled. The plaintiffs may except to such ruling if they so desire. From a consideration of the record, we think the plaintiffs are entitled to the relief sought and the same judgment may be rendered in this court as was rendered in the court below, for the reasons stated in detail in the opinion of Judge Reisinger.

HORNBECK, PJ, and BARNES, J, concur.